AO 472 (Rev. 12/03) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

__Eastern__ District of __Michigan__

UNITED STATES OF AMERICA

v.

__Wendell Tobias__
*Defendant*

ORDER OF DETENTION PENDING TRIAL

Case Number: 11-20790-2

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- ☐ (1) There is probable cause to believe that the defendant has committed an offense
  - ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  - ☐ under 18 U.S.C. § 924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- ☐ (1) There is a serious risk that the defendant will not appear.
- ☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☑ clear and convincing evidence ☑ a preponderance of the evidence that

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

4/3/12
*Date*

*Signature of Judge*

U.S. Magistrate Judge Mona K. Majzoub
*Name and Title of Judge*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

This is a presumption case. Defendant is charged by way of Indictment with Conspiracy to Possess with Intent to Distribute and to Distribute Heroin, Cocaine, Cocaine Base, and Marijuana.

Defendant is 44 years old, born in Detroit, a graduate of Cooley High School, and has four children but has never been married. According to Defendant he lived in Detroit until July 2011 when he moved to Las Vegas, Nevada. In January 2012 Defendant moved to Atlanta, Georgia where he "stayed with friends", but could not produce an address.

Defendant's employment history is scant. He claims to have been employed as a factory worker at Chrysler in Detroit for 30 days in October, 2011. However this conflicts with his statement that he made regarding his move to Las Vegas in July 2011. He also claims to have worked for Envy Nightclub in Detroit, Michigan as their nighttime manager/promoter from 2007 until 2009. Currently Defendant reports no assets, income, or monthly expenses.

Defendant has been granted a medical marijuana card for his back problems. He admits to using illegal substances beginning at age 18. His marijuana use is daily, and he claims he uses alcohol on a monthly basis.

Defendant's criminal history begins at age 27 (1995) when he was convicted in Detroit of CCW and was sentenced to probation. In 2001 he was found guilty of Possession of Marijuana for Resale (Charleston, Tennessee) and was fined. He has two outstanding warrants, the first issued in Michigan for Aggravated Domestic Violence in 2007 and the second issued in Michigan in 2009 for Possession of Marijuana. In addition, NCIC records indicate that Defendant has previously used the alias "Charles Turner".

The evidence proffered by the Government is compelling. Federal investigative authorities wiretapped Defendant's telephone. As agents learned about drug deals that were about to go down, on June 15, 2009 they surveilled the residence identified in the telephone calls between Defendant and others. Agents followed the vehicle occupied by Bursey after he engaged in what appeared to be a car to car drug transaction at Defendant's residence and seized one kilo of cocaine.

On October 9, 2009 the DEA used a Confidential Informant who wore a wire and recorded conversations with Defendant where Defendant stated that he was interested in buying 2000 pounds of marijuana from the CI. On October 13, 2009 Defendant met the CI at a location in Warren, Michigan, while the DEA conducted surveillance. The DEA supplied 280 kilograms of DEA marijuana to Defendant and Defendant said he would purchase more the next day at an arranged meeting place. The next day, October 14, 2009, Defendant and a Mr. Mathews wheeled a suitcase containing $447,000 to the agreed upon meet place as partial payment for the marijuana. The CI never showed up.

Defendant could not be found after that. The agent contacted Defendant's brother, Mark Tobias, and told him about the outstanding warrant for his brother, Wendell Tobias, asking him to get word to his brother. Defendant's lawyer told the AUSA in this case that his client wanted to turn himself in, after all 20 of his co-defendants had been arrested earlier this year. Defendant and his lawyer agreed that Defendant would turn himself in on January 31, 2012. The AUSA and Defendant's lawyer appeared, but Defendant never showed. Defendant's brother, upon being contacted by the agent, maintained that he didn't know Defendant's whereabouts. Ultimately the USMS found Defendant in Atlanta, Georgia, staying with friends.

Defendant asks for a bond with conditions. The Court finds that Defendant has not overcome the presumption of detention. The government's evidence is strong: wire interceptions, surveillance, seizure of a large amount of cocaine, and evidence that Defendant came up with almost half a million dollars in cash within 24 hours notice to purchase a huge quantity of marijuana. Defendant remained at large for a considerable period of time notwithstanding notice to his brother, his attorney, and articles published in the local papers indicating that he was being sought in conjunction with the arrests of his 20 co-defendants. Defendant has no visible means of support other than his drug dealing. He has used alias names in the past, and he evaded law enforcement detection and was a no show when he had agreed to turn himself in. He has two outstanding warrants and a daily substance abuse problem to which he admits.

Defendant is both a risk of flight and a danger to the community. There are no conditions or combinations of conditions which would assure Defendant's appearance in Court or the safety of the community. **Therefore Detention is Ordered.**